IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THERAPEUTICSMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-440-CFC-EGT |
| | ) | |
| MAYNE PHARMA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Therapeuticsmd. Inc. (TXMD) has filed objections (D.I. 34) to the Memorandum Order (D.I. 33) issued by Magistrate Judge Eleanor G. Tennyson on March 23, 2026. The Memorandum Order (1) granted the request of Defendant Mayne Pharma LLC (Mayne) to compel the parties to submit to BDO USA, LLP's National Dispute Advisory Service Practice (BDO) the parties' dispute about certain line items for the Closing Net Working Capital term of a 2022 Transaction Agreement, and (2) stayed the case pending BDO's resolution of that dispute.

The parties agree that I review the Magistrate Judge's decision to compel the parties to submit to BDO's expert determination of the line items dispute for clear error and that I review her decision to stay the case for abuse of discretion. *See* D.I. 34 at 2; D.I. 35 at 3.

The Magistrate Judge correctly concluded that under section 5.3(c) of the Transaction Agreement "[t]he parties must submit to BDO their disputes

concerning the Closing Net Working Capital line items." D.I. 33 at 9.

Section 5.3(c) provides in relevant part:

> During the thirty (30) Calendar Days *following delivery of a Notice of Disagreement, [Mayne] and TXMD <u>shall</u>* seek to resolve in good faith and in writing any differences which they may have with respect to the matters specified in the Notice of Disagreement. *At the end of such thirty (30) Calendar Day period, if no resolution has been reached, [Mayne] and TXMD <u>shall submit</u> such dispute to BDO USA, LLP's National Dispute Advisory Service Practice (the "Firm")*

D.I. 9-1 at 19 (italics and underlining added). It is undisputed that TXMD delivered a Notice of Disagreement to Mayne more than thirty days before the Memorandum Order was issued. Thus, under the express terms of section 5.3(c), the parties were required to submit their dispute to BDO.

TXMD makes three objections to the Memorandum Order. It argues first that the Magistrate Judge erred by reading Section 5.3(c) as "taking priority over any competing or conflicting claims" arising under sections 5.3(h) and 13.10 of the Transaction Agreement. D.I. 34 at 2. TXMD, however, did not argue to the Magistrate Judge either that section 5.3(h) or section 13.10 conflicted with or overrode section 5.3(c). Accordingly, this argument cannot sustain an objection to the Memorandum Order. *Immervision, Inc. v. Apple Inc.*, 2026 WL 381744, at *3

2

(D. Del. Feb. 11, 2026).  But in any event, nothing in section 5.3(h) or section 13.10 contradicts or in any way negates the express terms of section 5.3(c).

TXMD next argues that "[t]he Magistrate Judge erred by concluding, without engaging in any contractual interpretation under Delaware law, that TXMD's claims in the [First Amended Complaint] fall solely within the scope of Section 5.3(c) and mandate an expert determination by the Firm."  D.I. 34 at 3.  This contention mischaracterizes the Memorandum Order.  In point of fact, the Magistrate Judge engaged in a careful analysis of the Transaction Agreement under Delaware law.  *See* D.I. 33 at 7–13.

Finally, TXMD argues that the Magistrate Judge abused her discretion in imposing a stay.  But I agree with the Magistrate Judge's determinations that a stay will simplify the issues in this action; that a resolution by BDO will resolve a key question in this litigation—i.e., the correct Closing Net Working Capital line items; that judicial economy favors a stay; and that notwithstanding the fact that Mayne's separate action is not stayed, TXMD is not unfairly prejudiced by a stay of this action.  Accordingly, the Magistrate Judge's decision to impose a stay did not constitute an abuse of discretion.

NOW THEREFORE, at Wilmington on this Twentieth Day of May in 2026, it is HEREBY ORDERED that Plaintiff Therapeuticsmd. Inc.'s objections to the

3

Magistrate Judge's Memorandum Order (D.I. 34) are OVERRULED.

_____
Chief Judge

4