IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERAPEUTICSMD, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MAYNE PHARMA LLC, <br><br> *Defendant.* | C.A. No. 1:25-cv-00440-CFC |

**UNOPPOSED MOTION FOR ENTRY OF AN ORDER PERMITTING
RSM US LLP TO CONDUCT THE EXPERT
<u>DETERMINATION IN LIEU OF BDO</u>**

Defendant Mayne Pharma LLC respectfully submits this unopposed motion

for entry of an order permitting RSM US LLP to conduct the expert determination

in lieu of BDO. The Court's March 23, 2026 Memorandum Order (D.I. 33) (the

"Order") granted Mayne's motion to compel submission of the Parties' disputed net-

working-capital line items to BDO USA, LLP's National Dispute Advisory Service

Practice ("BDO") for an expert determination and stayed this action pending

completion of that determination. After the Order issued, BDO advised Mayne in

writing that it cannot serve in the role the Transaction Agreement assigns to it

because the applicable auditor-independence standards prohibit it from providing

these services to an audit client. Because the firm the Order directs the Parties to use

is now unavailable, Mayne requests that the Court enter an order permitting RSM US LLP—a mutually agreeable, independent accounting firm—to conduct the expert determination on the same terms, and to preserve the stay pending that determination. Plaintiff TherapeuticsMD, Inc. ("TXMD") does not oppose the relief requested. In support, Mayne states as follows:

1.      This action arises out of a December 2022 Transaction Agreement under which Mayne acquired a portfolio of women's health products from TXMD. (D.I. 16 ¶¶ 8–10; D.I. 16, Ex. A.). The Transaction Agreement establishes a "true-up" mechanism for reconciling the Estimated Net Working Capital paid at closing against the Final Net Working Capital.

2.      Specifically, Section 5.3(c) of the Transaction Agreement provides that, if the Parties cannot resolve a disputed line item within thirty days after a Notice of Disagreement, they "shall submit such dispute to BDO USA, LLP's National Dispute Advisory Service Practice (the 'Firm'), and the Firm "shall make a final determination…in accordance with the terms of this Agreement." D.I. 16, Ex. A § 5.3(c).

3.      On March 23, 2026, Magistrate Judge Tennyson granted Mayne's motion to compel an expert determination and stayed this action pending completion of that determination. D.I. 33 at 9, 15. In the Order, the Court directed that "the parties' disputes regarding the line items covered by the one- and two-year true-up

2

events must be submitted to BDO," and further ordered that "the parties shall submit a joint status report within one week of the expert determination concluding." D.I. 33 at 13, 15.

4.     On May 20, 2026, this Court overruled TXMD's Rule 72 objections to the Order and the Order remains in effect. D.I. 34 (objections); D.I. 37 (Order of May 20, 2026 overruling objections).

5.     Following entry of the Order, the Parties moved to implement the expert determination by engaging BDO. On June 5, 2026, however, BDO informed Mayne that it cannot accept the engagement. Specifically, BDO's Assurance Principal explained that after consulting the firm's independence group, applicable audit standards (over both public and private companies) prohibit BDO from providing the dispute resolution services to an audit client.

6.     BDO's inability to serve is independent of the representative-level conflict that the Court addressed in the Order. The Court distinguished between individual BDO representatives who had previously provided services to a Party (who are disqualified) and the firm as a whole (which the Court found was not disqualified). D.I. 33 at 9.

7.     BDO has now confirmed that, as a firm, it is barred by the governing auditor-independence standards from undertaking the engagement at all because one of the Parties is an audit client. That firm-wide prohibition cannot be cured by

selecting unconflicted individual representatives, and it renders the named neutral unavailable to perform the final determination both the Transaction Agreement and the Order require.

8.      The Transaction Agreement does not designate a substitute neutral if the named firm is unable to serve. Section 5.3 identifies only BDO, and neither Amendment No. 1 nor Amendment No. 2 to the Transaction Agreement alters the designated firm. Because the firm the Order directs the Parties to use cannot serve, relief permitting a substitute firm to act in lieu of BDO is necessary to give effect to the Parties' bargained-for expert-determination procedure.

## RELIEF REQUESTED

9.       For the foregoing reasons, Mayne respectfully requests that the Court enter the accompanying proposed order to provide that:

   a. the Parties' disputes regarding the line items covered by the one- and two-year true-up events shall be submitted for a final and binding expert determination to RSM US LLP (the "Replacement Firm") in lieu of BDO, with any representatives of the Replacement Firm associated with resolving the dispute not having previously provided services to either Party, consistent with Section 5.3 of the Transaction Agreement and the Order;

b.  the Replacement Firm shall conduct the expert determination on the same terms and within the same scope set forth in Section 5.3 of the Transaction Agreement and the Order;

c.  the stay of this action entered in the Order shall remain in effect pending completion of the expert determination, consistent with the Order; and

d.  the Parties shall submit a joint status report within one week of the expert determination concluding, consistent with the Order.

10.  In all other respects, the Order shall remain in full force and effect.

11.  A proposed order is attached hereto.

**MORRIS, NICHOLS, ARSHT
& TUNNELL LLP**

OF COUNSEL:

Aaron F. Miner (admitted *pro hac vice*)
Matthew F. Medina (admitted *pro hac vice*)
**ARNOLD & PORTER KAYE
  SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Phone: 212.836.8000
aaron.miner@arnoldporter.com
matthew.medina@arnoldporter.com

*/s/ S. Mark Hurd*
S. Mark Hurd (#3297)
Jacob M. Perrone (#7250)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 658-9200
shurd@morrisnichols.com
jperrone@morrisnichols.com

*Counsel for Defendant Mayne
Pharma LLC*

Dated: July 23, 2026

6